UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thrivent Financial for Lutherans,  Civil No. 11-1111 (SRN/TNL)
Thrivent Life Insurance Company,
Thrivent Balanced Fund,
Thrivent Core Bond Fund,
Thrivent Income Fund, Thrivent Limited
Maturity Bond Fund, Thrivent Balanced Portfolio,
Thrivent Bond Index Portfolio,
Thrivent Limited Maturity Bond Portfolio,
Thrivent Financial Defined Benefits Plan Trust, and
Thrivent Financial for Lutherans Foundation,

      Plaintiffs,   **ORDER**

      v.

Countrywide Financial Corporation,
Countrywide Home Loans, Inc.,
Countrywide Home Loans Servicing, LP,
CWALT, Inc., CWMBS, Inc.,
CWHEQ, Inc., Countrywide Securities Corporation,
Countrywide Capital Markets, LLC,
Angelo Mozilo, David A. Sambol,
Bank of America Corp., BAC Home Loans Servicing, L.P.,
NB Holdings Corporation, Residential Funding Company, LLC,
Residential Accredit Loans, Inc., GMAC Mortgage LLC,
Residential Asset Mortgage Products, Inc.,
Residential Funding Securities, LLC,
Homecomings Financial, LLC, and Ally Bank,

      **Defendant**s
___

David L. Wales, Blair A. Nicholas, Bruce D. Bernstein, Gerald H. Silk, Jai K. Chandrasekhar & Lauren A. McMillen, Bernstein, Litowitz, Berger & Grossmann, LLP, 1285 Avenue of the Americas, 38th Floor, New York, New York 10019; Karin E. Peterson & Brian F. Rice, Rice, Michels & Walther, LLP, 10 Second Street Northeast, Suite 206, Minneapolis, Minnesota 55413, on behalf of Plaintiffs

Adam S. Hakki, Brian G. Burke & Kirsten M. Cunha, Shearman & Sterling, LLP, 599 Lexington Avenue, New York, New York 10022; Ronn B. Kreps & Andre T. Hanson, Fulbright &

1

Jaworski, LLP, 80 South Eighth Street, Suite 2100, Minneapolis, Minnesota 55402, on behalf of Countrywide Defendants

Benedetto Balding, A. Matthew Ashley, Allison Libeu, David Siegel & Holly Gershow, Irell & Manella, LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067; Andrew M. Luger, Erin Sindberg Porter & John W. Ursu, Greene Espel, PLLP, 200 South Sixth Street, Suite 1200, Minneapolis, Minnesota 55402, on behalf of Defendant Angelo Mozilo

Frank M. Scaduto, Michael C. Tu & Michael D. Torpey, Orrick, Herrington & Sutcliffe, LLP, 405 Howard Street, San Francisco, California 94105; Brooke D. Anthony, Courtland C. Merrill & Vincent D. Louwagie, Anthony, Ostlund, Baer & Louwagie, PA, 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, on behalf of Defendant David A. Sambol

William J. Sushon, Bradley J. Butwin & Jonathan Rosenberg, O'Melveny & Myers, LLP, 7 Times Square, New York, New York 10036; David L. Hashmall, Felhaber, Larson, Fenlon & Vogt, PA, 220 South Sixth Street, Suite 2200, Minneapolis, Minnesota 55402, on behalf of Bank of America Defendants

Jeffrey A. Lipps, Angela Paul Whitfield & Jennifer A.L. Battle, Carpenter, Lipps & Leland, LLP, 280 North High Street, Suite 1300, Columbus, Ohio 43215; Kim Ruckdaschel-Haley & Terrence J. Fleming, Lindquist & Vennum, PLLP, 80 South Eighth Street, Suite 4200, Minneapolis, Minnesota 55402; Sarah E. Bushnell & Timothy D. Kelly, Kelly & Hannah, PA, 80 South Eighth Street, Suite 3720, Minneapolis, Minnesota 55402, on behalf of GMAC Defendants

---

SUSAN RICHARD NELSON, United States District Judge

The above entitled matter came before the undersigned United States District Judge on the Countrywide Defendants' informal request for a stay (Letter of 7/12/11 from R. Kreps to J. Nelson ["Countrywide Letter"] [Doc. No. 53]). The Bank of America Defendants and Defendants Mozilo and Sambol join in the request for a stay; the GMAC Defendants take no position. Plaintiffs oppose any stay of the proceedings. For the reasons set forth below, the request for a stay is denied.

I. **BACKGROUND**

The Thrivent Plaintiffs are Minnesota-based institutional investors that purchased

2

residential mortgage-backed securities issued by the Countrywide Defendants and GMAC Defendants.  Plaintiffs allege that the Countrywide and GMAC Defendants falsely represented the quality and nature of the mortgage-backed securities, causing economic losses to the Thrivent Plaintiffs.  Plaintiffs filed this lawsuit in Hennepin County District Court on March 24, 2011, generally alleging common law fraud and negligent misrepresentation claims against the Countrywide and GMAC Defendants, and common law successor liability claims against the Bank of America Defendants.  Plaintiffs assert no federal causes of action against the Defendants.  On April 27, 2011, Defendants removed the action to this Court, on the grounds that the action was "related to" an ongoing bankruptcy proceeding and because complete diversity existed among "all properly joined parties."  (Notice of Removal at 2 [Doc. No. 1].)  Subject to the parties' stipulation, the Court granted Defendants an extension until May 31, 2011 in which to answer or otherwise respond to the Complaint.  (Order of 5/10/11 [Doc. No. 17]).

On May 23, 2011, the Countrywide Defendants, and several entities affiliated with them, filed a Joint Motion to Centralize Securities Actions with the Judicial Panel on Multidistrict Litigation ("the JPML").  The MDL Motion seeks to transfer five cases involving residential mortgage-backed securities and the Countrywide Defendants to the Central District of California pursuant to 28 U.S.C. § 1407.  This action is not one of the five cases.  However, according to the Countrywide Defendants, the actions that are the subject of the MDL Motion "are virtually identical" to the claims against the Countrywide Defendants here.  (Countrywide Letter at 2 [Doc. No. 53].)  The Countrywide Defendants maintain that this case is not included in the proposed MDL action because Plaintiffs' claims against the GMAC Defendants are so unrelated to the claims against them that they are misjoined and should be severed.  (Id.)  The

Countrywide Defendants "believed and continue to believe that it would have been premature to tag this action for inclusion in the proposed MDL proceeding prior to addressing the issue of severance of the misjoined claims with either this Court or the JPML." (Id.) A hearing on the MDL Motion is scheduled for July 22, 2011.

On May 31, 2011, Defendants filed their respective Motions to Dismiss the Complaint in this action (see Doc. Nos. 24, 26, 28, 31 & 33), and scheduled a hearing date of September 2, 2011 before the undersigned judge. The grounds for dismissal raised by the Countrywide and GMAC Defendants are generally based on Fed. R. Civ. P. 8, 9(b) and 12(b)(6).

As part of the parties' submissions before a July 14, 2011 status conference, the Countrywide Defendants informally requested a stay of these proceedings in light of the pending hearing on the MDL Motion. The Countrywide Defendants argue that it would be most efficient to defer the scheduled September 2, 2011 hearing on Defendants' Motions to Dismiss pending the JPML's decision on the MDL Motion. If the MDL Motion is granted, the Countrywide Defendants intend to ask that the JPML sever the claims against the GMAC Defendants from this action and transfer the remaining claims to the Central District of California. (Countrywide Letter at 2-3 [Doc. No. 53].) Such a transfer would affect diversity of citizenship in this action.

Plaintiffs oppose the request for a stay, arguing that this case is not before the MDL and there is no certainty as to when the JPML will rule on the motion. In sum, Plaintiffs contend that they would be prejudiced by any further delay, considering that they previously stipulated to an extension of time in which Defendants could answer or respond to the Complaint.

## II. DISCUSSION

Having considered the parties' submissions and arguments, the Court denies the

Countrywide Defendants' informal request for a stay because the Court does not view a stay as necessarily achieving any efficiencies for either side. While the Court appreciates Defendants' desire to await a ruling from the JPML, the timing of the ruling on the MDL Motion is uncertain. Moreover, continuing with the scheduled September 2, 2011 hearing date on Defendants' Motions to Dismiss will not result in additional work or lost effort. Issues involving joinder and personal jurisdiction must be resolved at the outset, expeditiously, and this Court is the most appropriate forum for addressing them.

Further, the Court observes that in two of the five Countrywide residential mortgage-backed securities cases that are the subject of the MDL Motion, the court refused a similar request by the Countrywide Defendants to stay proceedings pending resolution of the MDL Motion. See Pls.' Ex. A, Dexia Holdings, Inc., et al. v. Countrywide Fin. Corp., et al., No. 11-CV-1259-RMB (S.D.N.Y. June 6, 2011) (endorsed letter denying Defendants' request for a status conference to discuss deferring rulings on pending motions to remand, transfer and dismiss, pending ruling on a decision on the MDL Motion) [Doc. No. 50-1]; Pls.' Ex. B, Allstate Ins. Co., et al. v. Countrywide Fin. Corp., et al., No. 10-CV-09591 (S.D.N.Y. June 7, 2011) (endorsed letter denying Defendants' request for a status conference to discuss deferring rulings on pending motions to transfer and dismiss pending a decision by the MDL Motion) [Doc. No. 50-2]. This action is not even one of the five cases included in the proposed MDL. The Countrywide Defendants point to a decision in one of the five cases, Sterling Fed. Bank v. Countrywide Fin. Corp., et al., No. 11-CV-2012 (N.D. Ill. June 20, 2011), in which the district court granted a stay of proceedings pending the outcome of the MDL Motion. However, Sterling is distinguishable because the parties there jointly requested a stay, which is not the case here.

5

See Pls.' Ex. C, Sterling, No. 11-CV-2012 (N.D. Ill. June 20, 2011) (minute entry granting unopposed motion to stay proceedings) [Doc. No. 50-3].

The current briefing schedule for the Defendants' Motions to Dismiss will be maintained. The parties are to apprise the Court of any developments with respect to the July 22, 2011 hearing on the MDL Motion and the JPML's subsequent ruling. The Court appreciates Defendants' concerns, and if the parties believe that an August status conference would be helpful or that additional briefing is needed in light of a ruling on the MDL motion, Defendants, or any party, is free to schedule a status conference and/or to seek leave to file supplemental briefing.

**THEREFORE, IT IS HEREBY ORDERED that:**

The Countrywide Defendants' informal request for a stay (Doc. No. 53) is **DENIED.**

Dated: July 18, 2011

                                                s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge