# EXHIBIT 5

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 2 of 18   Page ID
#:6098
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 1 of 17   Page ID
#:1609

LINKS: 36, 37, 39, 41

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CENTAUR CLASSIC CONVERTIBLE ARBITRAGE FUND LTD.; ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND II L.P.; ARGENT LOWLEV CONVERTIBLE ARBITRAGE FUND II LLC; CENTAUR LOWLEV ARBITRAGE FUND LTD.; ARGENTUM MULTI-STRATEGY FUND LTD.; LYXOR ARGENT LOW LEVERAGE FUND LIMITED; HFR CA GLOBAL SELECT MASTER TRUST; ACUITY MASTER FUND, LTD.; CARLYLE MULTI-STRATEGY MASTER FUND LIQUIDATING TRUST; LYXOR ACUITY FUND LIMITED; POLYGON GLOBAL OPPORTUNITIES MASTER FUND; RHAPSODY FUND, L.P.; NUVEEN MULTI-STRATEGY INCOME AND GROWTH FUND; NUVEEN MULTI-STRATEGY INCOME AND GROWTH FUND 2; RADCLIFFE SPC; TEMPO MASTER FUND L.P.; CANYON CAPITAL ARBITRAGE MASTER FUND, LTD.; ADI CONVERT ABSOLU; ADI CONVEX; ADI CONVEX ABSOLU; CANYON VALUE REALIZATION FUND, L.P.; CANYON VALUE REALIZATION MAC 18, LTD.; GLG MARKET NEUTRAL FUND; LYXOR CANYON CAPITAL ARBITRAGE FUND LIMITED; MOHICAN VCA MASTER FUND,** | **Case No. 10-CV-05699 MRP (MANx)**<br><br>**ORDER RE: DEFENDANTS' MOTIONS TO DISMISS** |

EXHIBIT 5   -19-

1   LTD.; THE CANYON VALUE
    REALIZATION FUND CAYMAN,
2   LTD.; CAMULOS MASTER FUND L.P.;
3   CASAM ADI CB ARBITRAGE
    LIMITED; CONCORDIA
4   INSTITUTIONAL MULTI-
5   STRATEGIES LTD.; CONCORDIA
    MAC 29, LTD.; CONCORDIA
6   PARTNERS L.P.; DELTA
7   INSTITUTIONAL, L.P.; DELTA
    OFFSHORE MASTER, LTD.; DELTA
8   ONSHORE, L.P.; DELTA PLEIADES,
    L.P.; HFR CA LAZARD RATHMORE
9   MASTER TRUST; KALLISTA CB
10  ARBITRAGE FUND LIMITED; RCG
    PB, LTD.; RHP MASTER FUND, LTD.;
11  RAMIUS CONVERTIBLE
12  ARBITRAGE MASTER FUND LTD.;
    S.A.C. ARBITRAGE FUND, LLC;
13  STARK MASTER FUND LTD.;
14  STEELHEAD PATHFINDER MASTER,
    L.P.,
15
16                    Plaintiffs,
17        v.
18  COUNTRYWIDE FINANCIAL
    CORPORATION; ANGELO R.
19  MOZILO; DAVID SAMBOL; ERIC P.
20  SIERACKI,
21                    Defendants.
22
23
24
25
26
27
28

2

EXHIBIT 5   -20-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 4 of 18   Page ID
#:6100
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 3 of 17   Page ID
#:1611

# I. INTRODUCTION & BACKGROUND

This securities action was brought by eight institutional affiliates of Argent Classic Convertible Arbitrage Fund (the "Argent Classic Fund"), the lead plaintiff in the now dismissed class action *Argent Classic Conv. Arb. Fund v. Countrywide Fin. Corp. et al.*, No. 07-cv-07097-MRP (MANx) ("*Argent*"), and 38 other institutional investors. After the Court's denial of class certification in *Argent*, the parties stipulated to a dismissal with prejudice of that case on May 4, 2010.[1]  About three months later, on July 30, 2010, this lawsuit was filed.  The 46 institutional plaintiffs here allege that they purchased unregistered, privately-placed Series A and Series B Floating Rate Convertible Senior Debentures Due 2037 (the "Debentures"), issued by Defendant Countrywide Financial Corporation ("Countrywide"), at unidentified times during the six months between the Debentures' initial offering on May 16, 2007 and November 21, 2007, which Plaintiffs define as the relevant period.  Compl. (Docket No. 1) at 3:17-21.

Plaintiffs here assert the same six claims regarding the same Debentures that were asserted in *Argent*.[2]  The claims are brought against Countrywide and its former senior executive officers and directors (herein referred to as the "Individual Defendants"[3]).  Under the Securities Exchange Act of 1934 ("Exchange Act"), the first claim is for violation of §10(b) and Rule 10b-5 (Count I).  The second claim is for violation of § 20(a) (Count II) and is brought against the Individual Defendants only.  The remaining claims arise under California state law: violation of Sections 25400(d), 25500, and 25504.1 of the California Corporations Code (Counts III and IV) brought against Countrywide only; common law fraud and deceit (Count V); and common law negligent misrepresentation (Count VI).  Plaintiffs claim any applicable statutes of limitation with respect to their claims were tolled no later than October 30, 2007, by the filing of the

---

[1] This Court denied class certification in *Argent* on December 9, 2009.
[2] The Court notes also that Plaintiffs have the same counsel as the plaintiff in *Argent*.
[3] Angelo R. Mozilo, David Sambol and Eric P. Sieracki.

EXHIBIT 5   -21-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 5 of 18   Page ID
#:6101
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 4 of 17   Page ID
#:1612

1    class action complaint in *Argent*, pursuant to the doctrine announced in *American Pipe &*
2    *Construction Co. v. Utah*, 414 U.S. 538, 552 (1974).  Compl. ¶ 704.

3        Countrywide has filed a motion to dismiss on the basis of the statutes of limitation
4    and failure to satisfy the heightened pleading requirements of Federal Rule of Civil
5    Procedure 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. §78j.  The
6    Individual Defendants joined in the motion, and Defendant Sambol filed an additional
7    motion which addresses Plaintiffs' failure to adequately plead scienter with respect to
8    him.  The Court notes that Countrywide's motion identifies a host of deficiencies in the
9    Complaint, but in the interests of efficiency, the Court singles out only a few as a basis of
10    this ruling.

11        The Court GRANTS Countrywide's motion to dismiss in its entirety.  First, the
12    Court holds the state law claims are barred by their respective statutes of limitation and
13    DISMISSES them WITH PREJUDICE.  Second, the Court DISMISSES the federal
14    securities claims WITHOUT PREJUDICE because the Complaint fails to specify the
15    material facts as to each Plaintiff's claim, including the dates and the amounts of
16    Plaintiffs' alleged securities purchases or the statements upon which Plaintiffs allegedly
17    relied in entering into these transactions.  Third, there are no allegations as to sales or
18    dispositions of the securities as there must be to support any allegation of loss.  Finally,
19    with respect to Defendant Sambol, because the Court grants Countrywide's motion to
20    dismiss, the Court DENIES AS MOOT Sambol's separate motion to dismiss without
21    prejudice to Sambol's renewing his motion after Plaintiffs have repleaded.

22                **II.   DISCUSSION**
23    **A. MOTION TO DISMISS STANDARD**

24        A motion to dismiss tests whether the allegations in a complaint, if true, amount to
25    an actionable claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Federal
26    Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to
27    state a claim upon which relief can be granted.  To survive a motion to dismiss, the
28    plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."

EXHIBIT 5   -22-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 6 of 18   Page ID
#:6102
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 5 of 17   Page ID
#:1613

1    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard

2    requires the plaintiff to allege facts that add up to "more than a sheer possibility that a

3    defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In

4    deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's

5    allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v.*

6    *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not

7    required to accept as true "allegations that are merely conclusory, unwarranted

8    deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d

9    1049, 1055 (9th Cir. 2008).

10    **B. STATUTE OF LIMITATIONS**

11          Defendants argue that Plaintiffs' state law claims must be dismissed because they

12    are barred by their respective statutes of limitation. "A motion to dismiss based on the

13    running of the statute of limitations period may be granted only 'if the assertions of the

14    complaint, read with the required liberality, would not permit the plaintiff to prove the

15    statute was tolled.' " *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th

16    Cir.1995)(quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). The

17    untimeliness must appear beyond doubt on the face of the complaint before a claim will

18    be dismissed as time-barred. *See id.*

19          The Complaint asserts that the statutes of limitation on all of the claims are tolled

20    by *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Compl. ¶ 704.

21    Defendants concede that the doctrine of *American Pipe* applies to toll the federal claims

22    but dispute its application to the state law claims. In their brief and at oral argument,

23    Plaintiffs contend the state law claims are tolled also by California's equitable tolling

24    doctrine and by this Court's exercise of supplemental jurisdiction in *Argent*, under 28

25    U.S.C. §1367(d). Plaintiffs do not argue that their claims are timely in the absence of

26    tolling, and Defendants do not argue that the claims are untimely despite tolling. Thus,

27    the timeliness of the state law claims depends entirely on whether the statutes of

28    limitation were suspended during the pendency of *Argent*. They were not.

EXHIBIT 5   -23-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 7 of 18   Page ID
#:6103
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 6 of 17   Page ID
#:1614

      **a. Federal Claims Are Tolled Under the Doctrine of *American Pipe*.**

There is no dispute that the federal claims in this action were tolled during the pendency of *Argent* under the doctrine of *American Pipe*. In *American Pipe*, the United States Supreme Court held that the commencement of a putative class action "tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 553. In *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the Court extended *American Pipe* to allow tolling not only where plaintiffs sought to intervene in a continuing action, but also where they sought to file an entirely new action. *Id.* at 353-54. The rule of *American Pipe* operates to toll the statute of limitations from the commencement of the putative class action until the court denies class certification. *Id.* It applies within the federal court system in federal question class actions only and protects a plaintiff who has relied on the filing of a prior class action to vindicate the right in question. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). Because the Plaintiffs were putative class members in *Argent* and pursue the same claims at issue there in this lawsuit, the rule of *American Pipe* applies to toll the statute of limitations on the federal claims for the period between October 30, 2007, when the *Argent* suit was filed, and December 9, 2009, when this Court denied class certification in that case.

      **b. State Claims Are Barred By the Statutes of Limitation.**

Federal courts addressing state law claims must apply state law statutes of limitation and state law applies to the question of tolling state claims. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745-46, 52-53 (1980); *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533-34 (1949); *Guaranty Trust Co. v. York*, 326 U.S. 99, 110-11 (1945); *Albano v. Shea Homes Ltd. P'ship*, --- F.3d ----, 2011 WL 6186, *5 (9th Cir. Jan. 3, 2011)("A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations."); *Carter v. Wash. Metro. Area Transp.*

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 8 of 18   Page ID
#:6104
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 7 of 17   Page ID
#:1615

1   *Auth.*, 764 F.2d 854, 855 (D.C. Cir. 1985)("Under the Erie doctrine, the relevant state law

2   controls whether, in a statute-of-limitations case before a federal court on diversity

3   jurisdiction, a pending case tolls the statute of limitations." (citation omitted)).

4   Therefore, a federal court faced with the question of whether a state law claim is barred

5   by its statute of limitations must apply the substantive law of the state and be governed by

6   how the highest court of that state would resolve the limitations and tolling questions

7   before it. *See, e.g., Albano*, 2011 WL 6186, *5.

8                          ***i.  American Pipe Tolling Does Not Apply.***

9          The rule of *American Pipe* allows tolling within the federal court system in federal

10  question class actions only. *Clemens*, 534 F.3d at 1025.  The rule is not binding on state

11  law claims, which are governed by state law statutes of limitation and state law tolling

12  principles. *See id.; Wade v. Danek Med., Inc.*, 182 F.3d 281, 290 (4th Cir. 1999); *In re

13  Enron Corp. Sec., Deriv. & ERISA Litig.*, 465 F. Supp. 2d 687, 719 (S.D. Tex. 2006).

14  Thus, as stated, the issue of whether a state statute of limitations would be tolled by a

15  federal class action is a question of state law. *Chardon v. Fumero Soto*, 462 U.S. 650,

16  661 (1983); *Vaught v. Showa Denka K.K.*, 107 F.3d 1137, 1144 (5th Cir. 1997).  The

17  Court must decide whether the California Supreme Court would apply the doctrine of

18  *American Pipe* to toll Plaintiffs' claims.

19          Plaintiffs argue that the California Supreme Court has adopted the rule of

20  *American Pipe*, citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1998).  In *Jolly*, however

21  the court held *American Pipe* inapplicable and declined to toll the statute of limitations

22  while a prior putative class action was pending in California state court. *Jolly*, 44 Cal. 3d

23  at 1118, 1126.  The court stated "we are not bound by the United States Supreme Court

24  decisions" and then proceeded to consider the applicability of the *American Pipe* doctrine

25  to the particular facts of the case before it. *Id.* at 1119.  Nevertheless, as the Ninth Circuit

26  observed in *Hatfield v. Halifax PLC*, 564 F.3d 1177 (9th Cir. 2009), the "California

27  Supreme Court has indicated a general agreement with tolling in the class action

28  context." *Hatfield*, 564 F.3d at 1186-87 (citing *Jolly v. Eli Lilly & Co.*).  The California

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 9 of 18   Page ID
#:6105
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 8 of 17   Page ID
#:1616

1   Court of Appeal has found *American Pipe* principles applicable *in some situations* to toll

2   individual actions filed after denial of class certification if both suits were filed in state

3   court and the two suits are based on the same claims and subject matter and similar

4   evidence. *See, e.g., Becker v. McMillin Construction Co.*, 226 Cal. App. 3d 1493

5   (1991).[4]  However, in *Clemens v. DaimlerChrysler Corp.*, the Ninth Circuit specifically

6   observed: "The rule of American Pipe–which allows tolling within the federal court

7   system in federal question class actions–does not mandate cross-jurisdictional tolling as a

8   matter of [California] state procedure." 534 F.3d at 1025; *see Hatfield*, 564 F.3d at 1187-

9   88 (discussing *Clemens*). In *Clemens*, the putative class action upon which the plaintiff

10  relied for tolling was filed in Illinois, but the Ninth Circuit did not limit the concept of

11  "cross-jurisdictional" to situations in which the first action was filed in another state or

12  cases in which another state's law was operative.  The Ninth Circuit used the phrase

13  cross-jurisdictional tolling to refer to situations where a class action is filed in another

14  jurisdiction.  *Clemens*, 534 F.3d at 1025.  The court stated, "A handful of states have

15  applied this [*American Pipe*] rule when a class action is filed in another jurisdiction.  The

16  California Supreme Court has not adopted such cross-jurisdictional tolling, however, and

17  few states do."

18        Plaintiffs argue that this case does not present issues of cross-jurisdictional tolling

19  because both *Argent* and this action were filed in the same federal district court, the same

20  jurisdiction.  Defendants contend cross-jurisdictional tolling issues arise "whenever a

21  plaintiff pursues claims afforded by the law of one jurisdiction in the courts of another

22  jurisdiction. . . . Thus, when state law claims are filed in federal court, federal courts

23  characterize the state law tolling issues that arise as 'cross-jurisdictional'." Reply at 10.

24  Defendants cite numerous cases in which both the putative class action and the later

25

26  ─────────────

27  [4] The California Court of Appeal in *Becker* warned "the applicability of *American Pipe*
    can only be determined by individualized attention to the identity of the claimants and the

28  nature of the claims involved, and by a careful weighing of the important policy
    considerations in this area." *Becker*, 226 Cal. App. 3d at 1502.

1    individual action were pursued in federal court, yet the court was presented with cross-
2    jurisdictional tolling issues due to the existence of state law claims. *E.g.*, *Wade*, 182 F.3d
3    281; *In re Fosamax Prods. Liab. Litig.*, 694 F. Supp. 2d 253 (S.D.N.Y. 2010); *In re*
4    *Urethane Antitrust Litigation*, 663 F. Supp. 2d 1067 (D. Kan. 2009); *In re Enron*, 465 F.
5    Supp. 2d 687. In nearly all of the cases to deal with cross-jurisdictional tolling, however,
6    the state law claims were from a state other than the one in which the second court sat.
7    This Court must decide whether the California Supreme Court would view tolling in this
8    case—where both federal cases were brought in the Central District of California and the
9    state law claims arise under California law—to be cross-jurisdictional.

10           The Court has found only one published case in which a federal district court
11   encountered an identical problem as the one before this Court. In *In re Enron*, a federal
12   district court in the Southern District of Texas held that the filing of a putative class
13   action in that same federal court did not toll the Texas state law claims asserted in the
14   subsequent suit. 465 F. Supp.2d at 722. Similar to this suit, both actions were filed in the
15   Southern District of Texas and asserted Texas state law claims, in addition to other
16   claims. The district court relied on *Vaught v. Showa Denko K.K.*, 107 F.3d 1137 (5th Cir.
17   1997), where the Fifth Circuit recognized that Texas had adopted *American Pipe* tolling
18   for cases filed within its own court system but had declined to apply it in other contexts.
19   *Vaught*, 107 F.3d at 1144 (citing *Grant v. Austin Bridge Const. Co.*, 725 S.W.2d 366
20   (Tex. App. 1987); *Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757-58 (Tex. App. 1995)).
21   The Fifth Circuit found it "unclear, whether under this [Texas non-tolling] rule a *federal*
22   class action filed in Texas or in any other State would ever toll a Texas statute of
23   limitations, regardless of the type of claims raised." *Id.* at 1147.

24           The Fifth Circuit in *Vaught*, and the district court in *In re Enron*, made a
25   dispositive distinction between a state's decision to adopt *American Pipe* within its own
26   judicial system and the question of whether the rule would apply to a case filed in any
27   other jurisdiction. In *Vaught*, the Fifth Circuit recognized that "the Texas rule clearly
28   conflicts with the well-established federal practice on class action tolling," but concluded

EXHIBIT 5   -27-

1   that "the federal interest in that practice does not trump the Texas tolling rule" because

2   enforcing a statute of limitations is a "a matter of considerable importance to Texas, one

3   reflecting a deliberate policy choice by its legislature." *Id*. The Ninth Circuit cited

4   similar reasons for declining to import cross-jurisdictional tolling into California law in

5   *Clemens*, stating "the weight of authority and California's interest in managing its own

6   judicial system counsel us not to import the doctrine." *Clemens*, 534 F.3d at 1025.

7       This Court is persuaded that cross-jurisdictional tolling, as discussed by the Ninth

8   Circuit in *Clemens* and *Hatfield*, includes all situations where a class action is filed

9   outside the California state court system, irrespective of whether the class claims are

10  made under California law. The Illinois Supreme Court has adopted this definition. *See*

11  *Portwood v. Ford Motor Co.*, 183 Ill.2d 459 (1998). In *Portwood*, the Illinois Supreme

12  Court recognized the *American Pipe* rule for class actions filed in Illinois state court, but

13  expressly refused to apply the rule to toll the state statute of limitations during the

14  pendency of a *federal* class action. *Id*. at 463-67. The court did not make a distinction

15  between federal class actions filed within the state of Illinois and those filed outside; it

16  specifically held "the Illinois statute of limitations is not tolled during the pendency of a

17  class action in federal court." *Id*. at 467. Later, a federal district court in the Northern

18  District of Illinois applied the rule from *Portwood* to hold the plaintiffs' Illinois state

19  claims were time-barred.[5] *Ottaviano v. Home Depot, Inc., USA*, 701 F. Supp. 2d 1005,

20  1012-13 (N.D. Ill. 2010).

21      Because California does not recognize cross-jurisdictional tolling, this Court has

22  no authority to apply *American Pipe* to toll the state statutes of limitation here.

23              ***ii.  Equitable Tolling Does Not Apply.***

24      In their brief, and again at oral argument, Plaintiffs ask the Court to apply

25  California's equitable tolling doctrine to their state law claims. Under California's

26  equitable tolling doctrine, California courts do allow the pendency of a state law

27  _____

28  [5] In *Portwood*, the first filed putative class action was filed in federal district court in
    New Jersey.

EXHIBIT 5   -28-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 12 of 18   Page ID
#:6108
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 11 of 17   Page ID
#:1619

1   claim in federal court to toll the statute of limitations for a state law claim under

2   certain circumstances. *McDonald v. Antelope Valley Cmty. College Dist.*, 45

3   Cal.4th 88 (2008); *Addison v. State of California*, 21 Cal.3d 313 (1978). This

4   judicially created doctrine is distinct from *American Pipe* tolling. *See Hatfield*,

5   564 F.3d at 1188. Plaintiffs rely on *Addison* and *McDonald* to toll their claims

6   here. In each of these cases, the California Supreme Court applied the doctrine of

7   equitable tolling where the plaintiff satisfied the required elements: "timely notice,

8   and lack of prejudice, to the defendant, and reasonable and good faith conduct on

9   the part of the plaintiff." *McDonald*, 45 Cal. 4th at 102; *Addison*, 21 Cal.3d at

10  319. In *Addison*, however, the California Supreme Court also explained that the

11  doctrine of equitable tolling applies when a plaintiff has several legal remedies and

12  reasonably, and in good faith, pursues one. *Addison*, 21 Cal. 3d at 317; *accord*

13  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (citing

14  *Addison*). In that situation, the statute of limitations in one forum is tolled as the

15  claim is being pursued in another forum. *Id.* In *Addison*, for example, the

16  plaintiffs first pursued their claim in federal court and then re-filed it in state court

17  when the federal court declined to assert jurisdiction over the claim. *Addison*, 21

18  Cal. 3d at 319. In *McDonald*, the plaintiffs first pursued an alternate

19  administrative remedy before filing a complaint in state court. *McDonald*, 45 Cal.

20  4th at 96-99. Where plaintiffs pursue successive claims in the *same* forum, the

21  California Court of Appeal has squarely held that equitable tolling does not apply.

22  *Martell v. Antelope Valley Hospital Medical Center*, 67 Cal. App. 4th 978, 985

23  (1998).

24          Accordingly, California's equitable tolling doctrine does not apply in this

25  case because this case and *Argent* were filed in the same forum: this Court. *See*

26  *id.; Naylor v. Flavan*, No. CV 08-03746 GAF (AJW), 2009 WL 1468708, at *6

27  (C.D. Cal. May 19, 2009); *Barrier v. Benninger*, No. C-98-0650-CAL, 1998 WL

28  846599, at *9 (N.D. Cal. Dec. 1, 1998) (explaining that to apply equitable tolling

11

EXHIBIT 5   -29-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 13 of 18   Page ID
#:6109
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 12 of 17   Page ID
#:1620

1   where a plaintiff attempts to bring a subsequent action in the same forum, "would

2   effectively allow plaintiff to prosecute his argument against these defendants in

3   perpetuity."). *Naylor v. Flavan* is directly on point. There, after denial of class

4   certification in a putative federal court class action, one of the plaintiff class

5   members filed his own individual action in the same federal court. 2009 WL

6   1468708, at *3-4. The district court dismissed the new action as time-barred,

7   holding that "plaintiff is not entitled to equitable tolling under California law

8   because [the prior class action] and this case were both filed in this court, that is,

9   in the same forum." *Id.* at *6 (citing *Martell*, 67 Cal. App. 4th at 985).

10                    *iii.   28 U.S.C. §1367(d) Does Not Apply.*

11          Plaintiffs contend that the supplemental jurisdiction statute, 28 U.S.C. §

12   1367(d), tolls the state law claims. 28 U.S.C. § 1367(a) provides that a district

13   court may exercise supplemental jurisdiction over state law claims that are so

14   related to claims over which the court is exercising original jurisdiction that "they

15   form part of the same case or controversy under Article III of the United States

16   Constitution." 28 U.S.C. § 1367(d) is a savings provision that tolls the statute of

17   limitations on any state claim over which a federal court has exercised

18   supplemental jurisdiction until 30 days after its dismissal, unless state law

19   provides for a longer tolling period. Plaintiffs contend the term "dismissal" is not

20   limited in any way and that § 1367(d) applies to the Argent Classic Fund's

21   voluntary dismissal of the *Argent* lawsuit. Thus, Plaintiffs argue that the statutes

22   of limitation for state law claims asserted on behalf of the putative class in *Argent*

23   were suspended for all unnamed class members during the pendency of *Argent*.

24          Plaintiffs' argument fails because § 1367(d) applies only where, pursuant to

25   § 1367(c), a federal court declines to exercise supplemental jurisdiction over state

26   law claims after dismissing the federal claims. *See Parrish v. HBO & Co.*, 85 F.

27   Supp. 2d 792, 797 (S.D. Ohio 1999); *Peters v. Bd. of Trs. of Vista Unified Sch.*

28   *Dist.*, No. 08cv1657-L, 2009 WL 2485753, at *3 (S.D. Cal. Aug 11, 2009);

EXHIBIT 5   -30-

1    *Jarmuth v. Frinzi*, No. 1:04CV63, 2006 WL 4730263, at *11 (N.D. W.Va. Jul. 25,

2    2006); *Zychek v. Kimball Int'l Mktg. Inc.*, No. CV06-64-N-EJL, 2006 WL

3    1075452, at *3 (D. Idaho Apr. 21, 2006).  Moreover, the tolling provision of 28

4    U.S.C. § 1367(d) applies only to supplemental state law claims that are re-filed in

5    state court subsequent to dismissal, not to a new case filed in another federal court.

6    *Jarmuth*, 2006 WL 4730263, at *10-11 (citing *Jinks v. Richland County, S.C.*, 538

7    U.S. 456, 459 (2003)); *Peters*, 2009 WL 2485753, at *3.

8    　　　As explained by the district court in *Parrish v. HBO & Co.*, the statute's

9    legislative history indicates § 1367(d) "provides a tolling of statutes of limitations

10   for any *supplemental claim* that is dismissed *under this section* and for any other

11   claims in the same action voluntarily dismissed at the same time or after the

12   supplemental claim is dismissed." *Parrish*, 85 F. Supp. 2d at 796 (quoting H.R.

13   Rep. No. 734, 101st Cong., 2d Sess. (1990), reprinted in 1990 U.S.C.C.A.N. 6860,

14   6876) (emphasis added by *Parrish*).  Thus, the court in *Parrish* concluded that

15   Congress did not intend the phrase "the dismissal" to include dismissal of the

16   supplemental state claim by *any* procedure but, rather, dismissal pursuant to §

17   1367(c) only.  In *Jarmuth*, the district court relied on the Supreme Court's

18   explanation of § 1367(d) in *Jinks v. Richland County, S.C.*, and held "the tolling

19   provision of 28 U.S.C. § 1367(d) applies to supplemental state law claims that are

20   refiled in state court subsequent to dismissal, not to a new case filed in another

21   federal court." *Jarmuth*, 2006 WL 4730263, at *11.  In *Jinks*, the Supreme Court

22   explained:

23   　　　　　some claims asserted under § 1367(a) will be dismissed because the

24   　　　　　district court declines to exercise jurisdiction over them and, if they

25   　　　　　are to be pursued, *must be refiled in state court.*  To prevent the

26   　　　　　limitations period on such supplemental claims from expiring while

27   　　　　　the plaintiff was fruitlessly pursuing them in federal court, § 1367(d)

28   　　　　　provides a tolling rule that *must be applied by state courts.*

13

EXHIBIT 5   -31-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 15 of 18   Page ID
#:6111
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 14 of 17   Page ID
#:1622

1    538 U.S. at 459 (emphasis added).  Likewise, in *Raygor v. Regents of Univ. of*

2    *Minn.*, the Supreme Court emphasized that words of a statute must be read in their

3    context and "§ 1367(d) occurs in the context of a statute that specifically

4    contemplates only a few grounds for dismissal."  534 U.S. 533, 545-46 (2002).

5    Those grounds are provided by § 1367(c), which "lists four specific situations in

6    which a district court may decline to exercise supplemental jurisdiction over a

7    particular claim."  *Id.* at 545.

8        Accordingly, the Court holds that § 1367(d) does not apply to toll

9    Plaintiffs' state law claims because *Argent* was voluntarily dismissed and the state

10    law claims were refiled in the same federal forum.

11    **C. THE PLEADING DEFICIENCIES**

12        Two federal claims remain under the Exchange Act: the §10(b) claim and

13    the § 20(a) claim.  *See* 15 U.S.C. § 78j(b), § 78t(a).  The § 20(a) claim for control

14    person liability requires underlying § 10(b) liability.  Thus, the pleading

15    deficiencies in the § 10(b) claims affect both claims.

16        Section 10(b) and Rule 10b-5 prohibit fraudulent conduct in the sale and

17    purchase of securities.  Section 10(b) of the Exchange Act forbids (1) the "use or

18    employ[ment]. . . of any . . . deceptive device," (2) "in connection with the

19    purchase or sale of any security," and (3) "in contravention of" Securities and

20    Exchange Commission "rules and regulations".  *Dura Pharmaceuticals v. Broudo*,

21    544 U.S. 336, 341 (2005) (citing 15 U.S.C. § 78j(b)).  "Rule 10b-5 forbids, among

22    other things, the making of any 'untrue statement of material fact' or the omission

23    of any material fact 'necessary in order to make the statements made . . . not

24    misleading.' "  *Id*. (citing 17 C.F.R. § 240.10b-5 (2004)).  A Section 10(b) fraud

25    claim thus requires that a plaintiff prove "(1) a material misrepresentation or

26    omission by the defendant; (2) scienter; (3) a connection between the

27    misrepresentation or omission and the purchase or sale of a security; (4) reliance

28    upon the misrepresentation or omission; (5) economic loss; and (6) loss

EXHIBIT 5   -32-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 16 of 18   Page ID
#:6112
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 15 of 17   Page ID
#:1623

1    causation*." *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157

2    (2008).

3    Rule 9(b) requires that fraud be pleaded with particularity. Fed. R. Civ. P.

4    9(b). Rule 9(b) applies to securities actions brought under Section 10(b) and Rule

5    10b-5 and requires particularity in pleading the circumstances of the alleged fraud.

6    *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "The

7    purpose of this rule is to ensure that defendants accused of the conduct specified

8    have adequate notice of what they are alleged to have done, so that they may

9    defend against the accusations." *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir.

10   1995). Where a plaintiff does not rely on an efficient market, courts more

11   vigorously enforce Rule 9(b)'s particularity requirement. *See Argent*, 2008 WL

12   8166001, *3 (C.D. Cal. Nov. 13, 2008).

13   Because Plaintiffs do not allege an efficient market for the Debentures,

14   each of the 46 Plaintiffs must plead facts that show actual, direct reliance on a

15   particular alleged misstatement or omission, loss causation, and damages.

16   Plaintiffs have not adequately pleaded any of these elements because they have

17   failed to allege the details of their securities transactions. Each Plaintiff must

18   identify its transactions, the misrepresentations it relied upon when engaging in the

19   transactions[6], and the damages it alleges it suffered as a result. *See Reding v.*

20   *Goldman Sachs & Co.*, 382 F. Supp. 2d 1112, 1126-27 (E.D. Mo. 2005); *Morin v.*

21   *Trupin*, 747 F. Supp. 1051, 1062 (S.D.N.Y. 1990); *Barr v. McGraw-Hill, Inc.*, 710

22   F. Supp. 95, 97 (S.D.N.Y. 1989).

23   The Court emphasizes that the particular period of time in which Plaintiffs

24   allege they were injured is unusually significant because of the volatility of the

25

26   _____

27   [6] Plaintiffs allege they relied on several categories of information. At least one federal
     court has found that "identifying categories of items relied on . . . is not the same as

28   identifying a 'specific false statement.' " *LLDVF, L.P. v. Dinicola*, No. 09-1280 (JLL),
     2010 WL 3210613, *11 (D.N.J. Aug. 12, 2010).

EXHIBIT 5   -33-

Case 2:11-cv-07154-MRP -MAN   Document 149-5   Filed 11/04/11   Page 17 of 18   Page ID
#:6113
Case 2:10-cv-05699-MRP -MAN   Document 57   Filed 01/20/11   Page 16 of 17   Page ID
#:1624

1   U.S. economy and events then occurring in the business of Countrywide.  Because

2   there were also many disclosures by Countrywide during this period, it is probable

3   that the market information available on one day will need to be considered

4   separately from that available on the next day when judging the issues in the case.

5   It is therefore especially important that Plaintiffs plead with particularity, alleging

6   the dates of their purchases and sales, the statements upon which Plaintiffs relied,

7   and the basis of their alleged losses.  As the district court explained in *Barr v.*

8   *McGraw-Hill, Inc.*, "[t]his will enable defendants to prepare a defense against the

9   claims of individual plaintiffs, whose circumstances may differ.  It also will give

10  defendants and the court a fair indication of the basis for the amount of damages

11  claimed." 710 F. Supp. at 97.

12  **D. SAMBOL'S MOTION TO DISMISS**

13       David Sambol filed a separate motion to dismiss addressing Plaintiffs'

14  failure to adequately plead his scienter.  After dismissing all counts of the

15  Complaint based on Countrywide's motion, the Court finds Sambol's additional

16  motion to dismiss to be moot.  The Court therefore DENIES Sambol's motion to

17  dismiss without prejudice to Sambol renewing his motion after Plaintiffs have

18  repleaded.

19

20

21

22

23

24

25

26

27

28

16

EXHIBIT 5   -34-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss in its entirety.  Counts I and II are DISMISSED WITHOUT PREJUDICE for failure to adequately plead the allegations with the necessary particularity.  Counts III, IV, V and VI are barred by their respective statutes of limitation and DISMISSED WITH PREJUDICE.  Plaintiffs shall have until and including February 22, 2011 to submit a First Amended Complaint.

**IT IS SO ORDERED.**

DATED: January 30 , 2011

Hon. Mariana R. Pfaelzer

United States District Judge

17

EXHIBIT 5   -35-