1  SETH ARONSON (S.B. #100153)
   saronson@omm.com
2  MATTHEW W. CLOSE (S.B. #188570)
   mclose@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California  90071-2899
   Telephone:  (213) 430-6000
5  Facsimile:  (213) 430-6407

6  JONATHAN ROSENBERG (*pro hac vice
   application forthcoming*)
7  jrosenberg@omm.com
   WILLIAM J. SUSHON (*pro hac vice
8  application forthcoming*)
   wsushon@omm.com
9  O'MELVENY & MYERS LLP
   Seven Times Square
10 New York, New York  10036
   (212) 326-2000
11
   *Attorneys for Defendants
12 Bank of America Corporation, NB Holdings
   Corporation, and BAC Home Loans
13 Servicing, L.P.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| IN RE COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx)<br><br>**DEFENDANTS BANK OF AMERICA CORPORATION, NB HOLDINGS CORPORATION, AND BAC HOME LOANS SERVICING, L.P.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES UNDER THE COURT'S OCTOBER 25, 2011 ORDER**<br><br>Date:       January 26, 2012<br>Time:       TBD<br>Courtroom:  12<br>Judge:      Hon. Mariana R. Pfaelzer |
|---|---|

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 11-CV-07154-MRP (MANx) |

ii

Under the Court's October 25, 2011 order, the BAC Defendants[1] submit this supplemental brief in support of their motion to dismiss Thrivent's Complaint. In view of the case's transfer from the District of Minnesota, the BAC Defendants write to address the governing choice-of-law rules concerning the Complaint's state-law successor-liability claim. Because those rules mandate the application of Delaware law, this case is no different than *Argent*, *Maine State*, or *Allstate*, in which the Court dismissed virtually identical successor-liability claims against the BAC Defendants.

Minnesota's choice-of-law rules apply to the complaint's state-law successor-liability claim because the JPML transferred that claim from the District of Minnesota under 28 U.S.C. § 1407.[2] *See In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) (applying "the choice of law rules of [transferor forum state] because the claims were originally filed in district court in [transferor forum state] before they were transferred to California by the Judicial Panel on Multidistrict Litigation"); *see also In re Educ. Testing Serv. Praxis Principles of Learning & Teaching: Grades 7–12 Litig.*, 517 F. Supp. 2d 832, 839 (E.D. La. 2007) ("In a multidistrict litigation involving cases transferred pursuant to 28 U.S.C. § 1407, the Court must apply the choice of law rules of the transferor court."); *In re Plumbing Fixtures Litig.*, 342 F. Supp. 756, 758 (J.P.M.L. 1972) ("It is clear that the substantive law of the transferor forum will apply after transfer.") (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).

Minnesota conflict rules require the Court first to determine whether an actual conflict exists. (Def. Mem. at 10.) The answer here is yes because Minnesota

---

[1] This supplemental brief uses the terms defined in Defendants Bank of America Corporation, NB Holdings Corporation, and BAC Home Loans Servicing, L.P.'s Memorandum of Law in Support of Their Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [Dkt. 114] ("Def. Mem."). Unless otherwise noted, this memorandum omits all internal citations, brackets, and quotation marks from quotations, and all emphasis is added.

[2] In *Maine State Retirement System v. Countrywide Financial Corp.*, the Court held that "[s]uccessor liability is governed by state law under the Erie doctrine." No. 2:10-CV-003002 MRP (MANx), 2011 WL 1765509, at *2 (C.D. Cal. Apr. 20, 2011).

considers the same *de facto* merger factors as New York, which the Court has previously held conflict with Delaware's more "deferential" standard. *Compare* Def. Mem. at 10–11 *with Allstate Ins. Co. v. Countrywide Fin. Corp.*, No. 2:11-CV-05236-MRP (MANx), 2011 WL 5067128, at *4 (C.D. Cal. Oct. 21, 2011).

Where, as here, an actual conflict exists, Minnesota courts choose the governing law based on five factors, all of which favor applying the law of BAC's and CFC's state of incorporation—Delaware—to the "peculiar[ly]"[3] corporate *de facto* merger issue:

- *Predictability of Results.* In discussing this factor, the Minnesota Supreme Court has held that "litigation on the same facts, regardless of where the litigation occurs, should be decided the same to avoid forum shopping."[4] This rule dictates applying the state of incorporation's law. As this Court observed in *Allstate*, uniformly applying Delaware law to a *de facto* merger claim against a Delaware corporation like BAC provides "certainty, predictability, and uniformity of result," and "allow[s] Delaware to provide its corporations with one bright-line rule rather than subjecting them to the vagaries of multiple states' rules." *Allstate*, 2011 WL 5067128, at *5; *see also* Def. Mem. at 12–14.
- *Simplification of the Judicial Task.* This factor focuses on the "clarity of conflicting laws" and whether courts' "interpretations . . . are adequate to provide the guidance a trial court might wish to have." (Def. Mem. at 16 (quoting *Nodak*, 604 N.W.2d at 95).) This Court has already interpreted Delaware law in dismissing the same *de facto* merger claim against

---

[3] *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-0302-MRP (MANx), 2011 WL 1765509, at *4 (C.D. Cal. Apr. 20, 2011).
[4] Def. Mem. at 12 (quoting *Nodak Mut. Ins. Co. v. Am. Family Mut. Ins.*, 604 N.W.2d 91, 93–94 (Minn. 2000)).

BAC,[5] whereas Minnesota has not even "expressly adopted the *de facto* merger doctrine," let alone analyzed it with the same rigor that this Court and others applying Delaware law have used. (Def. Mem. at 16–17 (quoting *T.H.S. Northstar Assocs. v. W.R. Grace & Co.*, 840 F. Supp. 676, 678 (D. Minn. 1993)).

- *Maintenance of Interstate Order.* This factor entails interest-balancing to determine whether applying Minnesota law would "disrespect" Delaware's interests. (Def. Mem. at 14.) While the Court observed in *Allstate* that "the plaintiffs' state of residence"—here, Minnesota—"has a plausible interest in applying its" *de facto* merger law "to protect creditors," that interest must yield to the state of incorporation—here, Delaware—because "the question of whether a *de facto* merger has been effected goes squarely to the structure and internal organization of a corporation." 2011 WL 5061728, at *4; *see also* Def. Mem. at 14–15.

- *Advancement of the Forum's Governmental Interest.* This factor favors the law that "would most effectively advance a significant interest of the forum state." (Def. Mem. at 17 (quoting *Danielson v. Nat'l Supply Co.*, 670 N.W.2d 1, 8–9 (Minn. Ct. App. 2003)). Minnesota's general interest in applying its law (which all states share) would be to protect resident creditors. *See Allstate*, 2011 WL 5061728, at *4. But applying Minnesota law in *this* case would complicate rather than advance that interest. This is because numerous Thrivent entities also filed *another* case in this Court asserting the same successor-liability claim against the BAC Defendants, *Government of Guam Retirement Fund, et al. v.*

---

[5] *Maine State*, 2011 WL 1765509, at *8–9; *see also Allstate*, 2011 WL 5067128, at *23–24; *Argent Classic Convertible Arbitrage Fund L.P. v. Countrywide Fin. Corp.*, No. CV 07-07097 MRP (MANx) (C.D. Cal. Mar. 19, 2009).

BAC DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES UNDER
OCTOBER 25, 2011 ORDER

  *Countrywide Financial Corp., et al.*,[6] to which Minnesota choice-of-law rules do not apply. (Def. Mem. at 15.) As this Court held in *Maine State*, California choice-of-law rules apply to *Guam* and mandate Delaware law's application to the successor-liability claim there. *Maine State*, 2011 WL 1765509, at *2, 4. The only orderly approach would be to apply Delaware law to both of Thrivent's successor-liability claims based on the same BAC transactions. Doing so would also advance Minnesota's interest in applying the state of incorporation's law to *de facto* merger claims because, as the Court observed in *Allstate*, "[c]orporations are creatures of the state," and "the law of the state of incorporation should govern such a core attribute" as the "structure and channel[s]" of liability. 2011 WL 5067128, at *4.

- *The Better Rule of Law.* Although this factor has been "abandoned in recent years,"[7] there can be no doubt that uniformly applying Delaware law to all successor-liability claims based on the same BAC transactions regardless of forum would produce the better result. As the Restatement observes, applying the state of incorporation's law to such claims "favor[s] the needs of the interstate and international systems, certainty, predictability and uniformity of result, protection of the justified expectations of the parties and ease in the application of the law to be applied." (Def. Mem. at 17–18 (quoting Restatement (Second) of Conflict of Laws § 302 cmt. e (1971)).

Under Delaware law, Thrivent's successor-liability claim should be dismissed. (Def. Mem. 18–25, 28–30.) The Complaint's allegations closely track those that the Court found deficient in *Maine State*, *Argent*, and *Allstate*. (Def. Mem. at 20 & Table

---

[6] No. 11-CV-6239 MRP (MANx) (C.D. Cal.).

[7] Def. Mem. at 17–18 (quoting *Montpetit v. Allina Health Sys., Inc.*, No. C2-00-571, 2000 WL 1486581, at *3 (Minn. Ct. App. Oct. 10, 2000)).

4

A; *Allstate*, 2011 WL 5067128, at *23.) And it does not plead the required facts showing that (i) the BAC Defendants intended to harm CFC's or CHL's shareholders or creditors, and (ii) CFC and CHL did not receive and hold consideration for their assets. (Def. Mem. at 20–21.) Equally deficient is Thrivent's theory that the BAC Defendants assumed CFC's liabilities through loose public statements that "we bought the company and all of its assets and liabilities." (Def. Mem. at 24.) As the Court held in *Allstate*, such comments represent neither an express nor an implied assumption of liabilities. Rather, they merely "accurately reflect the structure of the transaction, in which a Bank of America subsidiary purchased CFC. That transaction included all of CFC's assets and liabilities . . . ." *Allstate*, 2011 WL 5067128, at *23. Consistent with the Court's holdings in *Maine State*, *Argent*, and *Allstate*, Thrivent's successor-liability claim against the BAC Defendants should be dismissed.

Dated: November 4, 2011              Respectfully submitted,

SETH ARONSON
JONATHAN ROSENBERG
WILLIAM J. SUSHON
MATTHEW W. CLOSE
O'MELVENY & MYERS LLP


By: /s/ Matthew W. Close
    Matthew W. Close

*Attorneys for Defendants
Bank of America Corporation, NB Holdings Corporation, and BAC Home Loans Servicing, L.P.*

# CERTIFICATE OF SERVICE

I, Elizabeth G. Lorenzana, declare:

I am a citizen of the United States and employed in Los Angeles County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California, 90071. I am familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

I hereby certify that on November 4, 2011, the document listed below was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and mailed the following document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List:

**DEFENDANTS BANK OF AMERICA CORPORATION, NB HOLDINGS CORPORATION, AND BAC HOME LOANS SERVICING, L.P.'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES UNDER THE COURT'S OCTOBER 25, 2011 ORDER**

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on November 4, 2011, at Los Angeles, California.

*/s/ Elizabeth G. Lorenzana*
Elizabeth G. Lorenzana

# Mailing Information for a Case 2:11-cv-07154-MRP -MAN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **A Matthew Ashley**
  mashley@irell.com,sknight@irell.com
- **Bruce D Bernstein**
  bruce@blbglaw.com
- **Caroline H Bullerjahn**
  cbullerjahn@goodwinprocter.com
- **Brian G Burke**
  brian.burke@shearman.com
- **Bradley J Butwin**
  bbutwin@omm.com
- **Jai K Chandrasekhar**
  jai@blbglaw.com
- **Matthew W Close**
  mclose@omm.com
- **Kirsten M Cunha**
  kirsten.cunha@shearman.com
- **Timothy Alan DeLange**
  timothyd@blbglaw.com,jessica.cuccurullo@blbglaw.com,larry@blbglaw.com,erik.andrieux@blbglaw.com
- **Brian Charles Devine**
  bdevine@goodwinprocter.com,ABoivin@goodwinprocter.com
- **Inez H Friedman-Boyce**
  ifriedmanboyce@goodwinprocter.com
- **Holly L Gershow**
  hgershow@irell.com
- **Adam S Hakki**
  ahakki@shearman.com
- **Andre T Hanson**
  ahanson@fulbright.com
- **Allison Lauren Libeu**
  alibeu@irell.com,lstevens@irell.com
- **Lauren A McMillen**
  lauren@blbglaw.com
- **Blair A Nicholas**
  blairn@blbglaw.com,mfrank@murrayfrank.com,denab@blbglaw.com,kellyn@blbglaw.com,amyn@blbglaw.com,errol.hall@blbglaw.com,kayem@blbglaw.com,nikim@blbglaw.com,Jessica.Cuccurullo@blbglaw.com,timothyd@blbglaw.com
- **Brian E Pastuszenski**
  bpastuszenski@goodwinprocter.com

- **Daniel P Roeser**
  droeser@goodwinprocter.com
- **Jonathan Rosenberg**
  jrosenberg@omm.com
- **Frank M Scaduto**
  fscaduto@orrick.com,msalas@orrick.com,jkwan@orrick.com,tsarkaria@orrick.com
- **David Siegel**
  dsiegel@irell.com,rgrazziani@irell.com
- **Gerald H Silk**
  jerry@blbglaw.com
- **William J Sushon**
  wsushon@omm.com
- **Michael D Torpey**
  mtorpey@orrick.com
- **Michael C Tu**
  mtu@orrick.com
- **John W Ursu**
  jursu@greeneespel.com,lbulson@greeneespel.com
- **David L Wales**
  dwales@blbglaw.com
- **Lloyd Winawer**
  lwinawer@goodwinprocter.com,monyeagbako@goodwinprocter.com,cburgos@goodwinprocter.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Brooke D Anthony
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402

Jennifer A L Battle
Carpenter Lipps & Leland LLP
280 N High St Ste 1300
Columbus, OH 43215

Sarah E Bushnell
Kelly and Hannah, PA
80 S 8th St Ste 3720
Mpls, MN 55402

David L Hashmall
Hinshaw & Culbertson
3100 Piper Jaffray Twr
222 S 9th St
```

Minneapolis, MN 55402

**Timothy D Kelly**
Kelly and Hannah, PA
80 S 8th St Ste 3720
Mpls, MN 55402

**Ronn B Kreps**
Fulbright & Jaworski
80 S 8th St Ste 2100
Mpls, MN 55402

**Jeffrey A Lipps**
Carpenter Lipps & Leland LLP
280 N High St Ste 1300
Columbus, OH 43215

**Vincent D Louwagie**
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402

**Andrew M Luger**
Greene Espel
200 S 6th St Ste 1200
Mpls, MN 55402-1415

**Courtland C Merrill**
Anthony Ostlund Baer & Louwagie PA
90 S 7th St Ste 3600
Mpls, MN 55402

**Karin E Peterson**
Rice Michels & Walther
10 Second St NE Ste 206
Minneapolis, MN 55413

**Brian F Rice**
Rice  Michels & Walther LLP
10 2nd St NE Ste 206
Minneapolis, MN 55413

**Erin Sindberg Porter**
Greene Espel PLLP
200 S 6th St Ste 1200
Mpls, MN 55402-1415

**Angela Paul Whitfield**
Carpenter Lipps & Leland LLP
280 N High St Ste 1300
Columbus, OH 43215