Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez Friedman-Boyce (*pro hac vice*)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (SBN 222240)
bdevine@goodwinprocter.com
Caroline H. Bullerjahn (*pro hac vice*)
cbullerjahn@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2802
Tel.: 617-570-1000
Fax: 617-570-1231

Lloyd Winawer (SBN 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213-426-2500
Fax: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Home Loans, Inc.,
Countrywide Home Loans Servicing LP,
Countrywide Capital Markets, LLC,
Countrywide Securities Corporation,
CWALT, Inc., CWABS, Inc., CWHEQ, Inc., and CWMBS, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx)<br><br>**COUNTRYWIDE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date/Time: May 17, 2012 / 11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |
| THRIVENT FINANCIAL FOR LUTHERANS, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v. | Case No. 11-CV-07154-MRP (MANx) |

| | |
|---|---|
| 1 | COUNTRYWIDE FINANCIAL |
| 2 | CORPORATION, *et al.*, |
| 3 | Defendants. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

On March 9, 2012, Plaintiffs filed an amended complaint in this matter. On February 17, 2012, the Court previously dismissed the following claims without prejudice: (1) fraudulent misrepresentation, reckless misrepresentation, and fraudulent inducement claims that concern title transfer allegations; (2) aiding and abetting fraud claims against all Defendants; (3) negligent misrepresentation claims against all Defendants; and (4) successor liability claims against the Bank of America Defendants.[1] *See* Order re: Motions to Dismiss, dated February 17, 2012, Docket No. 170 ("Dismissal Order"). The Amended Complaint states that Plaintiffs opted only to amend their successor liability claims and no others, and that they repeated (but did not amend) their previous negligent misrepresentation, aiding and abetting, and transfer of title-related claims that the Court had dismissed without prejudice "solely and exclusively to preserve [their] appellate rights." Amended Complaint ("AC") at 1 n.1. Because Plaintiffs chose not to amend these claims, they should now be dismissed *with prejudice*.

**ARGUMENT**

**I.     THE NEGLIGENT MISREPRESENTATION, AIDING AND ABETTING, AND TITLE TRANSFER CLAIMS MUST BE DISMISSED WITH PREJUDICE.**

In the Dismissal Order, the Court dismissed Plaintiffs' aiding and abetting claims for failure to plead the required element of substantial assistance (Dismissal Order at 10-11), the negligent misrepresentation claims for failure to plead a duty of care under Minnesota law and "any facts from which the Court could infer that the transaction was other than an arms-length business transaction between equals" (*id.* at 11-12), and the fraudulent misrepresentation, reckless misrepresentation, and fraudulent inducement claims, to the extent such claims are premised on transfer of

---

[1] The Bank of America Defendants are Bank of America Corp., BAC Home Loans Servicing, LP, and NB Holdings Corporation. AC ¶¶ 28-31.

title allegations, because Plaintiffs' title transfer allegations "fail to identify a misstatement with sufficient particularity" (*id.* at 10).

Plaintiffs acknowledge these dismissals in the Amended Complaint, stating that they have "not amended those claims, but [have] included them . . . solely and exclusively to preserve [their] appellate rights." AC at 1 n.1. These claims thus still appear in the Amended Complaint. *See id.* ¶¶ 288-93 (aiding and abetting fraud); *id.* ¶¶ 294-308 (negligent misrepresentation); *id.* ¶¶ 166-67[2] (title transfer). Because this Court has already held these claims to be inadequately pled, Plaintiffs' decision not to amend them requires that they now be dismissed with prejudice. The Ninth Circuit's words in *Pratts v. Sujan*, 176 F.3d 484, 1999 WL 274662, at *1 (9th Cir. Apr. 23, 1999), are controlling here:

> [Plaintiff] was given leave to amend his claims by the district court, as well as instruction on what he needed to allege to state valid claims, but [plaintiff] chose not to amend. This failure means his . . . claims are now dismissed with prejudice.

*Cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("[T]he district court should have taken the election not to amend at face value" and "entered a final judgment dismissing all claims with prejudice."); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (district court "acted properly" when it dismissed plaintiff's cause of action on the basis that plaintiff "failed to amend" the claim in her amended complaint); *see also Dietz v. Beneficial Loan & Thrift Co.*, 2011 WL 6739504, at *3 (D. Minn. Dec. 22, 2011) ("Plaintiffs have failed to amend their [Truth in Lending Act] claims so as to adequately allege a

---

[2] While Plaintiffs' Amended Complaint contains allegations regarding title transfer misrepresentations (AC ¶¶ 166-67), Plaintiffs deleted from their Amended Complaint an entire section (22 paragraphs) of allegations entitled "Countrywide and GMAC Failed To Ensure That Title To The Underlying Loans Was Effectively Transferred" that appeared in the original complaint. *Compare* Compl. ¶¶ 167-89 *with* AC ¶¶ 166-67. Thus, the title transfer allegations in the Amended Complaint are even *more* deficient than those that the Court already found to be insufficient.

claim for rescission.  Accordingly, Plaintiffs' rescission claims are properly dismissed [with prejudice]."). As such, the Court should dismiss Plaintiffs' fraudulent misrepresentation, reckless misrepresentation, and fraudulent inducement claims (to the extent they are premised on transfer of title allegations), as well as their aiding and abetting and negligent misrepresentation claims, with prejudice.

## CONCLUSION

For all the reasons set forth above, the Countrywide Defendants respectfully request that the Court dismiss with prejudice Plaintiffs' negligent misrepresentation claims, aiding and abetting claims, and remaining fraudulent misrepresentation, reckless misrepresentation, and fraudulent inducement claims based on title transfer allegations.

Dated:  March 30, 2012              **GOODWIN PROCTER LLP**

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar No. 222240)
Caroline H. Bullerjahn (*pro hac vice*)

*Counsel for the Countrywide Defendants*