David Siegel (101355)
dsiegel@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
Allison L. Libeu (244487)
alibeu@irell.com
Mytili Bala (277396)
mbala@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Angelo Mozilo

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION** | MDL No. 11-ML-02265-MRP (MANx) |
| THRIVENT FINANCIAL FOR LUTHERANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, et al., <br><br> Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ANGELO MOZILO'S MOTION TO DISMISS THE AMENDED COMPLAINT** <br><br> Date: May 17, 2012 <br> Time: 11:00 a.m. <br> Ctrm: 12 <br> Judge: Hon. Mariana R. Pfaelzer <br><br> Case No. 11-CV-07154-MRP (MANx) |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2612398

MEMORANDUM IN SUPPORT OF
ANGELO MOZILO'S MOTION TO DISMISS
11-CV-07154-MRP (MANx)

This Court dismissed all of the claims made against Angelo Mozilo in the original complaint in this action for failure to state a claim, with leave to amend. In response, Plaintiffs have filed an amended complaint that adds no new substantive allegations against Mr. Mozilo. Plaintiffs candidly acknowledge that they simply are repeating the allegations previously made against Mr. Mozilo – the very allegations previously held to be insufficient – "solely and exclusively to preserve their appellate rights." But, because Plaintiffs' amended complaint continues on its face to assert these unamended claims against Mr. Mozilo, we file this Motion on his behalf in an abundance of caution and respectfully request that the Court now enter an order dismissing Mr. Mozilo from the action with prejudice.[1]

## I. Procedural History

In the original complaint, Plaintiffs alleged common law aiding and abetting and negligent misrepresentation claims against Mr. Mozilo. These claims were dismissed in the Court's February 17, 2012 Order. The aiding and abetting claims were dismissed for failure to plead substantial assistance, and the negligent misrepresentation claims were dismissed for failure to plead a special relationship between Plaintiffs and Mr. Mozilo. *Thrivent Financial for Lutherans v. Countrywide Fin. Corp.*, No. 2:11-CV-07154, slip op. at 10:9-12:20 (C.D. Cal. Feb. 17, 2012) (Dkt. 170).

Plaintiffs amended their complaint on March 9, 2012. (Dkt. 172.) On March 14, 2012, Plaintiffs wrote a letter to the Court enclosing a "blackline" that compared the amended complaint to the original complaint (attached as Ex. 1 to Mr. Mozilo's Request for Judicial Notice). A review of the amended complaint and the blackline confirm that Plaintiffs have not added any substantive allegations as to

---

[1] Mr. Mozilo incorporates by reference and reasserts all of his prior briefing in support of his motion to dismiss Plaintiffs' original complaint. (Dkt. 64, 65, 66, 163, 164.) Those documents are attached as Exhibits 2 and 3 to Mr. Mozilo's Request for Judicial Notice. Mr. Mozilo also joins in the motions to dismiss of the other defendants to the extent applicable to the claims against him.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2612398

- 1 -

MEMORANDUM IN SUPPORT OF
ANGELO MOZILO'S MOTION TO DISMISS
11-CV-07154-MRP (MANx)

Mr. Mozilo. Plaintiffs' amended complaint explicitly states that it does not amend the aiding and abetting or negligent misrepresentation claims. (Am. Compl. n.1 (stating claims are included "solely and exclusively to preserve their appellate rights").) Nevertheless, Mr. Mozilo's name continues to appear in those unamended claims. (Am. Compl. ¶¶ 288-293, 294-308.)

## II. Mr. Mozilo Should Be Dismissed With Prejudice

The Court should dismiss all claims against Mr. Mozilo with prejudice, because Plaintiffs failed to amend any of their claims against Mr. Mozilo after being given leave to do so. *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (district court properly dismissed Title VII claim, "because London failed to amend as to Title VII in her Second Amended Complaint"); *Pratts v. Sunjan*, No. 97-55622, 1999 WL 274662, at *1 (9th Cir. Apr. 23, 1999) ("[P]laintiff was given leave to amend his claims by the district court, as well as instruction on what he needed to allege to state valid claims, but Pratts chose not to amend. This failure means his [] claims are now dismissed with prejudice."). Indeed, by failing to re-plead their allegations as to Mr. Mozilo, Plaintiffs have effectively dismissed him from this action. (Am. Compl. n. 1); *Rasidescu v. Midland Credit Mgmt, Inc.*, 435 F. Supp. 2d 1090, 1101 (S.D. Cal. 2006) ("An amended complaint that drops a defendant named within the original complaint effectively dismisses the defendant from the action."); *Singh v. Life Ins. of Am.*, No. C08-1353, 2010 WL 351755, at *2 (N.D. Cal. Sept. 8, 2010) (same).

It is well-settled that a plaintiff's failure to amend claims previously held deficient warrants dismissal of those claims with prejudice. *Marzan v. Bank of New York Mellon*, No. 10-00582, 2011 WL 2357658, at *4 (D. Haw. Jun. 9, 2011) (dismissing all claims against defendant with prejudice where plaintiff failed to amend claims held deficient against that defendant); *Harvey v. City of Fresno*, No. 1:08-CV-01399-OWW-DLB, 2010 WL 892114, at *5 (E.D. Cal. Mar. 9, 2010) (dismissing claim against defendant with prejudice where plaintiff failed to amend

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2612398

- 2 -

MEMORANDUM IN SUPPORT OF
ANGELO MOZILO'S MOTION TO DISMISS
11-CV-07154-MRP (MANx)
11-CV-07165-MRP (MANx)

the deficient claim despite being "given one last opportunity to amend his complaint"); *see also Maine State Retirement Sys. v. Countrywide Financial Corp., et al.*, No. 2:10-CV-00302 (C.D. Cal. Feb. 16, 2011) (Dkt. 246) (dismissing with prejudice claims against defendants Ranjit Kripalani, Jennifer Sandefur, and Joshua Adler that were not re-plead with additional facts). Indeed, Plaintiffs expressly contemplate that their state law claims against Mr. Mozilo will now be dismissed with prejudice, as they candidly describe those claims as included in the amended complaint "solely" to preserve appellate rights.

### III. Conclusion

It appears that Plaintiffs have included their claims against Mr. Mozilo in the amended complaint – claims which were previously dismissed – "exclusively to preserve their appellate rights" as to those claims. Regardless, Plaintiffs have made no substantive amendment or even attempt to cure the deficiencies that led this Court to dismiss those claims before. Thus, for the foregoing reasons, as well as all of the reasons asserted in Mr. Mozilo's prior motion to dismiss and the Court's February 17, 2012 Order, Mr. Mozilo respectfully requests that the Court enter an order of dismissal with prejudice of the amended complaint as against him.

Dated: March 30, 2012

Respectfully submitted,

David Siegel

By: David Siegel / MGB
David Siegel
Attorneys for Defendant
Angelo Mozilo

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2612398

- 3 -

MEMORANDUM IN SUPPORT OF
ANGELO MOZILO'S MOTION TO DISMISS
11-CV-07154-MRP (MANx)
11-CV-07165-MRP (MANx)