1  MICHAEL C. TU (State Bar No. 186793)
   mtu@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
3  Los Angeles, California 90017
   Telephone: 213-629-2020
4  Facsimile: 213-612-2499

5  MICHAEL D. TORPEY (State Bar No. 79424)
   mtorpey@orrick.com
6  FRANK M. SCADUTO (State Bar No. 271451)
   fscaduto@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
8  405 Howard Street
   San Francisco, California 94105-2669
9  Telephone: 415-773-5700
   Facsimile: 415-773-5759

10

11 Attorneys for Defendant David Sambol

12

13                **UNITED STATES DISTRICT COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15                      **WESTERN DIVISION**

16

17 | IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | Case No. 11-ML-02265-MRP (MANx) |

19 | THRIVENT FINANCIAL FOR LUTHERANS, et. al., | Case No. 11-CV-7154-MRP (MANx) |
   |              Plaintiffs,                    | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAVID SAMBOL'S MOTION TO DISMISS THE AMENDED COMPLAINT** |
   |                  v.                         | |
   | COUNTRYWIDE FINANCIAL CORPORATION, et al.,  | Date: May 17, 2012 |
   |              Defendants.                    | Time: 11:00 a.m. |
   |                                             | Courtroom: 12 |
   |                                             | Judge: Hon. Mariana R. Pfaelzer |

OHSUSA:750127308.2

Plaintiffs' Amended Complaint asserts the same two claims against defendant David Sambol that the Court dismissed from the original Complaint: aiding and abetting and negligent misrepresentation under Minnesota common law. But the Amended Complaint contains no new allegations whatsoever in support of these claims against Mr. Sambol. *See* David Sambol's Request for Judicial Notice in Support of Motion to Dismiss the Amended Complaint ("RJN"), Ex. A (redline submitted by plaintiffs comparing amended and original complaints). The claims should therefore be dismissed with prejudice for the same reasons the Court previously gave in its February 17, 2012 Order (the "Dismissal Order," *see* Dkt. No. 170), and on the grounds set forth in Mr. Sambol's previous motion to dismiss.[1]

## I. COMMON LAW CLAIMS AGAINST MR. SAMBOL

In the Dismissal Order, the aiding and abetting and negligent misrepresentation claims against Mr. Sambol were dismissed in their entirety with leave to amend. The Court did so because the original Complaint failed to allege all of the necessary elements of each claim. With respect to the aiding and abetting claim, the original Complaint failed to allege sufficient facts showing that Mr. Sambol provided "substantial assistance" to the purported fraud. Dismissal Order at 11. And in the case of the negligent misrepresentation claim, the original Complaint failed to allege facts showing that Mr. Sambol owed Plaintiffs a "duty of care." *Id.* at 11-12. The Amended Complaint makes no attempt to—and does not—remedy any of these defects. *See* RJN, Ex. A ¶¶288-308. Accordingly, the aiding and abetting and negligent misrepresentation claims against Mr. Sambol should now be dismissed with prejudice. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave

---

[1] Rather than repeat the grounds briefed in support of his motion to dismiss the original Complaint, Mr. Sambol references and incorporates the opening and reply memoranda (and supporting affidavits and pleadings) in support of his prior motion to dismiss (Dkt. Nos. 24, 72, 73, 161 & 162).

OHSUSA:750127308.2

- 1 -

MEMORANDUM IN SUPPORT OF
SAMBOL'S MOTION TO DISMISS
11-CV-7154-MRP (MANx)

1. to amend).²

2. II. LACK OF PERSONAL JURISDICTION OVER MR. SAMBOL

In addition, while Mr. Sambol recognizes that the Court has previously declined to reach the question of whether Minnesota has personal jurisdiction over him because the question is mooted by the dismissals on other grounds, he respectfully again moves for dismissal in order to preserve the argument in the event of an appeal. *See infra* n.1.

For these reasons, the Amended Complaint should be dismissed with prejudice with respect to Mr. Sambol.

Dated: March 30, 2012         Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Michael C. Tu_____
        Michael C. Tu

Attorneys for Defendant David Sambol

---

² As discussed in the Countrywide Defendants' Memorandum of Points and Authorities in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint ("CW Br."), which Mr. Sambol has joined, the common law claims should be dismissed for the additional reason that they are time-barred under the New York borrowing statute as to those plaintiffs incorporated in Delaware and Massachusetts. *See* CW Br. at 3-9.